**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SAMUEL ST. JOHN,** <br> **Plaintiff,** <br> **v.** <br> **JANET NAPOLITANO,** <br> **Defendant.** | ) | **Case No: 10-00216 (BAH)** |

**MEMORANDUM OF DEFENDANT'S POSITION REGARDING PROPOSED ALTERNATIVE LANGUAGE FOR PARAGRAPH 6 OF JOINT PROPOSED ORDER**

On March 11, 2011, the parties jointly filed a proposed order reflecting the Court's oral ruling on certain discovery disputes addressed by the Court in telephone conferences with the parties on February 15, 2011 and February 23, 2011. As stated in the notice accompanying that filing, the parties were unable to reach agreement as to the terms of paragraph 6(a) and 6(b) of the proposed order and provided alternative proposed language for the Court's consideration. The parties stated in their submission that they would each file a short memorandum in support of their proposed language by March 15, 2011. Defendant's position in that regard is as follows.

Paragraph 6 of the proposed order pertains to Plaintiff's request for production No. 10, which requested in relevant part "[a]ll documents relating or referring to untruthfulness on the part of: (a) Daniel Stajcar; (b) Allen Gina; (c) Todd Owen; (d) Jayson Ahern; (e) Thomas Winkowski; (f) Charles ("Chuck") Winwood; (e) any CBP employee (past or present) whose deposition is noticed in the case; (g) any CBP employee (past or present) you plan to call as a witness at any hearing in this case or at trial." Defendant already responded to this request as

regards Mr. Stajcar, Mr. Gina, Mr. Owen, Mr. Ahern, and Mr. Winkowsi and, therefore, as the proposed order reflects, the parties agree that those individuals are not at issue and are not covered by this paragraph of the order. (*See* par. Proposed Order ¶ 6(e)).

The Court's oral ruling regarding the production of documents as to the individuals at issue (i.e., Mr. Winwood and the as of yet unnamed deponents and witnesses) did not specify the specific files to be searched for responsive information or the contours of what type of information would be considered responsive. As reflected by the alternative proposed language in paragraph 6, the parties agree that Defendant's search for responsive documents is limited to the individuals' personnel files as well as any Internal Affairs files, if any, pertaining to such individuals.

The issue in dispute concerns whether, as regards Internal Affairs files, responsive documents should be limited to those in which allegations of untruthfulness were substantiated by an Internal Affairs' investigation (Defendant's position) or whether responsive documents also include allegations of untruthfulness as to an individual that were not substantiated (Plaintiff's position).[1] For reasons discussed more fully below, Defendant's position should be adopted by the Court because (1) it is consistent with the parties' agreement that the term "untruthfulness" in Request No. 10 is limited to the use of the term in Evidence Rule 608, (2) it is consistent with limitations in Rule 26 on permissible discovery, specifically, that discovery must appear "reasonably calculated to lead to the discovery of admissible evidence," and (3) it is consistent with the Court's authority to "protect a party or person from annoyance,

[1]In taking this position, Defendant is not suggesting that there are in fact Internal Affairs' files in which allegations, unsubstantiated or otherwise, have been made against any individual to whom Request No. 10 applies. Defendant is simply, at the threshold, seeking to define the type of documents that will be considered responsive pursuant to the Court's order with respect to Request No. 10.

embarrassment, [and] oppression" by forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. *See* Rule 26(b)(1) and 26(c)(1)(D).

First, during the meet and confer process, after Defendant objected to the phrase "untruthfulness" in Request No. 10 as unduly vague and as impermissibly requiring Defendant to make subjective determinations and engage in fact-finding not required by the rules of procedure, Plaintiff agreed to limit the request to "untruthfulness" as that term is used in Federal Rule of Evidence Rule 608. That limitation is reflected in both parties' proposed language and has significance as to the type of information to be produced pursuant to this request. Specifically, Rule 608 refers to specific instances of conduct "probative" of untruthfulness. *See* Fed.R.Evid. 608(b). Neither the "mere filing of a complaint" nor unsubstantiated allegations meets that threshold. *See, e.g., United States v. Morrison*, 98 F.3d 619, 628 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1131 (1997) (holding that it was "in no way an abuse of discretion" for district court to sustain an objection under Rule 608 "on the ground that the mere filing of a complaint is not 'probative of truthfulness or untruthfulness'"); *United States v. Wilson*, 605 F.3d 985, 1005 (D.C. Cir.), *cert. denied*, 131 S. Ct. 841 (2010) (holding that "unproven allegations" are not probative under Rule 608, citing *Morrision*); *see also Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994) (doubting relevance of accusations that did not result in sanctions and otherwise finding unsubstantiated allegations unduly prejudicial). Thus, in light of the parties' agreement that Request No. 10 should be interpreted in accordance with Evidence Rule 608 and the non-probative value of unsubstantiated allegations, it is appropriate to limit any production of documents from Internal Affairs files (if any) to those in which allegations of untruthfulness were substantiated.

Second, discovery into unsubstantiated allegations is not reasonably calculated to lead to the discovery of admissible evidence in any event since the stated purpose of this discovery is to obtain impeachment evidence. As the above case citations make clear, unsubstantiated allegations are not admissible as impeachment evidence. Thus, Plaintiff's attempt to obtain documents reflecting unsubstantiated allegations of untruthfulness falls outside the scope of permissible discovery.

Third, discovery into unsubtantiated allegations made to Internal Affairs is unduly invasive of an employee's privacy rights. Given the limited nature of the claims at issue – limited to a single non-selection – there is no demonstrated need that outweighs an individual's right to privacy in this regard. That is particularly so with respect to the individuals at issue, who are *not* the alleged decisionmakers for the non-selection at issue (and thus not the alleged discriminating actors). Plaintiff has offered no justification to engage in irrelevant and intrusive discovery into the privacy of individuals not involved in the decisionmaking process.[2] Accordingly, for these reasons, paragraph 6(a) and (b) of the Proposed order should limit any discovery of information contained in any Internal Affairs file (to the extent there are any such files applicable to a particular individual) to allegations of untruthfulness that were substantiated by an Internal Affairs' investigation (as proposed by Defendant) and reject Plaintiff's broader and unduly intrusive alternative language.

---

[2]Defendant is not suggesting that such discovery would be appropriate as to the alleged decisonmakers. However, the Court need not reach that issue because the alleged decisionmakers are among the individuals for whom Defendant already has provided a response to Request No. 10. Thus, paragraph 6 of the order does not apply to them. (*See* Proposed Order ¶ 6(e)).

Respectfully submitted,

RONALD C. MACHEN JR. D.C. BAR # 447889
United States Attorney for the District of Columbia

RUDOLPH CONTRERAS, D.C. BAR # 434122
Chief, Civil Division

By: ______/s/____________________
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0406